UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK WOODBERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2314** |
| **DARREL VANNOY** | **SECTION "M" (4)** |

## ORDER AND REASONS

Pending before the Court is petitioner Derrick Woodberry's **Motion for Discovery and In Camera Review (ECF No. 20)**. Woodberry filed a petition for habeas corpus brought under 28 U.S.C. § 2254 challenging his 2013 Orleans Parish conviction and sentence for aggravated rape, forcible rape, second-degree kidnapping, and aggravated kidnapping. ECF No. 4 at 1. With his petition, Woodberry also filed a motion to stay the proceedings stating that he is still exhausting two claims in state court for ineffective assistance of counsel. ECF No. 2 at 1.

In his motion for discovery, Woodberry requests that the Court order discovery and in camera review of materials that he states contain *Brady/Giglio* violations. ECF No. 20 at 1.   The materials Woodberry requests consist of a grand jury transcript, materials from a 2013 in camera inspection, Detective Carter's complete investigative file, prosecution files, and documents such as a defense file and civil case documents related to Darrin Hill. *Id*. Woodberry states he has good cause for this discovery as it will allow development of facts that will reveal systemic *Brady* violations. *Id*. at 3. In the event the State objects to direct production of the requested discovery based on privilege, Woodberry requests the Court conduct an in camera review of the requested materials. *Id*. at 7.

Rule 6(A) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and

may limit the extent of discovery."   The United States Supreme Court has held that Rule 6 was meant to be consistent with its prior ruling in *Harris v. Nelson* where the Court first concluded that limited discovery should be allowed in habeas corpus proceedings:

> [w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Harris v. Nelson*, 394 U.S. 286, 295 (1969); *Bracy*, 520 U.S. at 908-09.

In *Bracy*, cited by Woodberry, the Supreme Court also instructed that a court considering the grant of discovery must evaluate the "essential elements" of the underlying federal habeas claim to determine if there is good cause for the requested discovery. *Bracy*, 520 U.S. at 904 (citation omitted). Good cause is established only if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (explaining that "good cause" under the rules permitting discovery in habeas cases "may be found when a petition for habeas relief "establishes a prima facie claim for relief"). Furthermore, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy*, 205 F.3d at 814.

At this juncture, the Court is not in a position to conclude whether Woodberry has established a prima facie claim for relief that would entitle him to the requested discovery. The Court is still evaluating Woodberry's claims for timeliness, exhaustion, and whether, as requested by Woodberry's pending motion, a stay of the proceedings is necessary. Should the Court require further documentation to evaluate Woodberry's petition, the record may be expanded at that time.

*See* Rule 7(a) of the Rules Governing Section 2254 Cases ("[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."). Any request to pursue discovery at this stage of the proceedings is premature. Thus, Woodberry's request is denied.

Accordingly,

**IT IS ORDERED** that Woodberry's **Motion for Discovery and In Camera Review (ECF No. 20)** is **DENIED** without prejudice.

New Orleans, Louisiana, this ___19th___ day of March, 2026.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**