**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DERRICK WOODBERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2314** |
| **WARDEN DARREL VANNOY** | **SECTION: "M"(4)** |

## ORDER AND REASONS

Pro se petitioner Derrick Woodberry ("Woodberry"), filed the above-captioned 28 U.S.C. § 2254 habeas petition regarding his aggravated kidnapping, second-degree kidnapping, aggravated rape, and forcible rape conviction on September 13, 2013, in Orleans Parish, Louisiana.[1] Also pending before the Court is Woodberry's **Motion for Stay and Abeyance (ECF No. 2)** which was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's Local Rules.[2]

### I.    Background

Woodberry is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[3]  On August 20, 2012, Woodberry was indicted by a grand jury on two counts of aggravated rape and two counts of aggravated kidnapping.[4] Following a five day trial, on September 13, 2013, Woodberry was found guilty of forcible rape on count one, second degree kidnapping on count two, aggravated rape on count three, and aggravated kidnapping on count

---

[1] ECF No. 4 at 1.
[2] "A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceeding and does not result in an absolute denial of ultimate relief."  *Pierre v. Cain*, Civ. Action No. 15-5252, 2016 WL 1408581, at *1 n.1 (E.D. La. Apr. 11, 2016 (Roby, M.J.); *accord Kang v. Cain,* Civ. Action No. 15-2318, 2016 WL 866728, at *3 (E.D. La. Mar. 7, 2016) (Wilkinson, M.J.).
[3] ECF No. 4 at 1.
[4] ECF No. 15-1, at 104, Bill of Indictment, 8/20/12.

four.[5] On January 10, 2014, the trial court sentenced Woodberry to 40 years on counts one and two and life imprisonment on counts three and four, all to run consecutively and to be served without the benefit of probation, parole, or suspension of sentence.[6]

On direct appeal, appointed counsel for Woodberry alleged: (1) the trial court erred in denying his motion to sever and granting the State's motion to use other crimes evidence (2) the trial court erred in denying his motion to suppress the custodial statement that was taken without any waiver of rights (3) the State failed to prove guilt beyond a reasonable doubt (4) the trial court erred in preventing him from calling Darrin Hill and the right to present a defense and (5) the trial court erred in imposing sentences without the possibility of parole on a defendant who was a juvenile at the time of the offenses resulting in an excessive sentence.[7] On June 3, 2015, the Louisiana Fourth Circuit Court of Appeal found that the district court erred in part by sentencing Woodberry to two life sentences without the possibility of parole and amended his sentence on the two life sentences to delete the parole restriction, but in all other respects, affirmed Woodberry's conviction and sentence.[8] The Louisiana Supreme Court denied Woodberry's related writ application on June 17, 2016.[9]

It appears that Woodberry did not seek further review of his conviction to the United States Supreme Court. Therefore, his state criminal judgment became final for AEDPA purposes 90 days later, on September 15, 2016, when the time for him to file a petition for writ of certiorari expired. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United

---

[5] *Id*. at 53, Minute Entry, 9/13/13.
[6] *Id*. at 45-46, Sentencing Minutes, 1/10/14.
[7] ECF No. 15-3 at 248, Appeal Brief, 2014-KA-00476, 10/13/14.
[8] *State v. Woodberry*, 171 So. 3d 1082, 1084 (La. App. 4th Cir. 2015); ECF No. 15-3 at 184.
[9] *State v. Woodberry*, 192 So. 3d 770 (La. 2016); ECF No. 15-3 at 147.

States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A));

U.S. S. Ct. Rule 13(1).

Three-hundred and eight days later, on July 20, 2017, Woodberry filed an application for post-conviction relief.[10] On March 2, 2018, Woodberry, through counsel, filed an amended application for post-conviction relief.[11] Woodberry then filed a supplemental memorandum in support his application for post-conviction relief through counsel on July 23, 2019.[12] Counsel for Woodberry withdrew on December 6, 2022.[13] One month later, on January 6, 2022, new counsel for Woodberry enrolled and filed a second supplemental memorandum in support of his application for post-conviction relief.[14] Finally, on May 21, 2024, counsel for Woodberry filed a consolidated memorandum in support of his application for post-conviction relief.[15] The consolidated memorandum eliminated several of Woodberry's previous claims and enlarged upon others, merging all of his post-conviction claims into a single filing.[16]

In the consolidated memorandum, Woodberry raised (1) ineffective assistance of trial counsel (2) ineffective assistance of appellate counsel (3) prosecutorial misconduct and (4) violation of the *ex post facto* clause.[17] On December 18, 2024, the state trial court issued an order that claim 1.b, Failure of Trial Counsel to Move to Quash, appeared to be a new claim not previously raised and therefore it was procedurally barred.[18] The state trial court then granted an evidentiary hearing on the following claims: (1)(i) ineffective assistance of counsel when trial counsel failed to object to an erroneous jury instruction, (1)(ii) ineffective assistance of counsel

---

[10] ECF No. 17-3 at 65, Minute Entry, 7/20/17.
[11] *Id*. at 66, Minute Entry, 3/2/18.
[12] *Id*. at 67, Minute Entry, 7/23/19.
[13] *Id*., Minute Entry, 12/6/22.
[14] *Id*., Minute Entry, 1/6/22.
[15] *Id*., Minute Entry, 5/21/24.
[16] *Id*. at 70, Consolidated Application for Post-Conviction Relief, 5/21/24.
[17] *Id*. at 70-99, Consolidated Application for Post-Conviction Relief, 5/21/24.
[18] ECF No. 15-1 at 119, Order on Consolidated Application for Post-Conviction Relief, 12/18/24.

when trial counsel failed to call defense witnesses, (1)(iii) ineffective assistance of counsel when trial counsel failed to effectively cross-examine Detective Cathey Carter, (2)(i) ineffective assistance of counsel when appellate counsel failed to assign error to jury instructions, (2)(ii) ineffective assistance of counsel when appellate counsel failed to assign error to hearsay testimony, and (2)(iii) ineffective assistance of counsel when appellate counsel failed to seek writs to the Louisiana Supreme Court.[19]

After the state trial court's ruling on the consolidated application for post-conviction relief, Woodberry sought review of the decision through counsel. On March 26, 2025, the Louisiana Fourth Circuit Court of Appeal denied review.[20] Woodberry then sought review to the Louisiana Supreme Court, who denied review on November 5, 2025.[21] The State concedes that Woodberry's remaining claims were scheduled for an evidentiary hearing on March 5, 2026.[22] A review of Orleans Parish Criminal District Court's docket reveals that the evidentiary hearing set for March 5, 2026, on Woodberry's remaining claims was continued to May 13, 2026.[23]

Woodberry filed his federal habeas petition on November 12, 2025, presumably in an attempt to interrupt the statute of limitations applicable to federal habeas relief, to the extent that it had not yet run.[24] He enumerates six claims for relief: (1) prosecutorial use of false evidence (2) insufficiency of the evidence (3) denial of the right to present a defense regarding the exclusion of witness Darren Hill (4) violation of the *ex post facto* clause (5) ineffective assistance of trial counsel (6) ineffective assistance of appellate counsel.[25]

## II.    Motion for Stay and Abeyance (ECF No. 2)

---

[19] *Id.*
[20] ECF No. 17-3 at 41, Louisiana Fourth Circuit Writ Denial in 2025-K-0076, 3/26/25.
[21] *Id.* at 21, Louisiana Supreme Court Writ Denial in 2025-KP-00442, 11/5/25.
[22] ECF No. 13 at 8.
[23] Orleans Parish Criminal District Court Section I, Docket Entry for Case No. C-512931, 3/5/26.
[24] ECF No. 1 (Deficient Petition).
[25] ECF No. 4-2 at 4-28.

4

At the time of filing his federal habeas petition, Woodberry also filed a motion to stay the proceedings.[26] In his motion to stay, Woodberry states his application for post-conviction relief is still pending in state court.[27] Woodberry states that he has shown good cause for a stay by timely filing his federal habeas petition and promptly seeking relief in state court on claims which were granted an evidentiary hearing.[28] He claims that the two unexhausted claims set for an evidentiary hearing are grounded in serious constitutional violations of ineffective assistance of trial and appellate counsel including counsel's failure to object to false testimony and fabricated evidence. Further, Woodberry states he has pursued all remedies in good faith and without delay.

The State acknowledges that Woodberry's application for post-conviction relief is pending in state court via the evidentiary hearing set on his remaining claims in Orleans Parish Criminal District Court.[29] The State nonetheless opposes the requested stay.[30] The State argues Woodberry's petition is a mixed petition and should be dismissed as some of his claims still remain pending in the state district court. The State asserts that limited circumstances exist where a stay on a mixed petition would be appropriate, including if a district court dismisses a mixed petition close to the end of the AEDPA's 1-year filing requirement.[31] The State argues that concern is not present in Woodberry's situation as he already filed his collateral attack in state court and an evidentiary hearing is pending there, he has not offered any reason to find good cause for his failure to exhaust, and that a stay of the proceedings would only cause further delay.[32]

## III.    Law and Analysis

---

[26] ECF No. 2.
[27] *Id*. at 1.
[28] *Id*. at 2.
[29] ECF No. 13 at 8.
[30] ECF No. 12 at 1.
[31] *Id*. at 2.
[32] *Id*. at 3.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay habeas corpus proceedings. In *Rhines*, the petitioner had filed a federal habeas corpus application asserting a number of claims, however, the district court subsequently determined that some of those claims were unexhausted. In light of that determination, the petitioner moved the district court to hold his federal application in abeyance while he returned to the state courts to exhaust the unexhausted claims. The district court granted that motion, but the state appealed. The United States Eighth Circuit Court of Appeals then vacated the stay and remanded the case to the district court. However, the United States Supreme Court subsequently granted certiorari and vacated the Court of Appeals' judgment. In doing so, the Supreme Court noted:

> Fourteen years before Congress enacted AEDPA, we held in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. We reasoned that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. *Id*., at 518-519, 102 S.Ct. 1198. We noted that "[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." *Id*., at 518, 102 S.Ct. 1198 (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). That doctrine "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" 455 U.S., at 518, 102 S.Ct. 1198.
> Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. *Id*., at 522, 102 S.Ct. 1198. When we decided *Lundy*, there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease. See *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (dismissal without prejudice under *Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion").

The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy*'s total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan [v. Walker],* 533 U.S. [167,] 181-182, 121 S.Ct. 2120[, 150 L. Ed. 2d 251 (2001)].

As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike. In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below. Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Rhines*, 544 U.S. at 273-76.

The Supreme Court then held that the stay and abeyance procedure is permissible but cautioned that the procedure should be employed only in limited circumstances:

Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by

7

decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. *Duncan*, *supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. … Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g.*, *Zarvela [v. Artuz]*, 254 F.3d [374], 381 [(2d Cir. 2001)] ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id*., at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See *Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Rhines*, 544 U.S. at 277-78.

In assessing Woodberry's request for a stay under the *Rhines* factors, the Court finds that

a stay is appropriate in the instant matter for the following reasons.

First, the State argues that a stay is not merited due to Woodberry's filing of a mixed petition containing unexhausted claims. However, both parties concede that Woodberry's application for post-conviction relief is still pending in the state courts and is set for an evidentiary hearing on his remaining claims. As such, Woodberry could not have possibly exhausted all of his claims before filing his current federal habeas petition.

Second, *Rhines* requires that a court consider whether the petitioner had "good cause" for his failure to exhaust his claims. Here, Woodberry has shown good cause for the failure to exhaust. Based on his assertions, it appears that Woodberry filed a protective habeas petition in an attempt to avoid any potential problems with the federal statute of limitations. Upon review of the record, Woodberry has, at most, fifty-seven days from when he fully exhausts his post-conviction relief to file a timely federal habeas petition. As outlined above, the United States Supreme Court has expressly authorized the use of such protective petitions. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). When such a petition is filed, the district court generally should not dismiss the mixed petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*.

Third, *Rhines* requires that the Court consider whether the unexhausted claims are "plainly meritless." Woodberry's claims include assertions pertaining to ineffective assistance of counsel, sufficiency of the evidence, prosecutorial misconduct, and denial of the right to present a defense. While this Court does not express an opinion as to whether Woodberry will ultimately be entitled to relief, at least some of those claims are "potentially meritorious."

That said, the Court recognizes that Woodberry faces substantial hurdles in the state courts. However, while those courts may eventually deny Woodberry's claims, this Court cannot be certain of that fact, and there is little harm in allowing him the opportunity to try to convince the

courts that relief is warranted. "Fear of not prevailing is no excuse to ignore the state court's primary right of first decision." *Battaglia v. Stephens*, 824 F.3d 470, 476 (5th Cir. 2016).

Finally, there is no evidence that Woodberry has engaged in abusive litigation tactics or intentional delay.

In light of all of these considerations, the undersigned finds that it is appropriate to grant Woodberry a stay to allow him to exhaust his remedies in the state courts.

Accordingly,

**IT IS ORDERED** that Derrick Woodberry's **Motion for Stay and Abeyance (ECF No. 2)** is **GRANTED** and that the pending matter be stayed.

**IT IS FURTHER ORDERED** that the Clerk of Court mark these actions **CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction in this matter and that Woodberry is allowed to file a motion to reopen these proceedings within **thirty days** of exhausting his state court remedies.[33]

New Orleans, Louisiana, this 20th day of April, 2026.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] Once this case is reopened Woodberry will likely be required to supplement his filings with a pleading which clearly identifies each claim he is asserting and the manner in which each claim was exhausted in the state courts.

10